Heintz Investment Company, Appellant, *v.* Tax Review Board of Philadelphia, Appellee.

Argued October 3, 1973, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Park B. Dilks, Jr.*, with him, of counsel, *Morgan, Lewis & Bockius,* for appellant.

*Leonard Rosenthal,* Assistant City Solicitor, with him *James M. Penny, Jr.,* Assistant City Solicitor, *John Mattioni,* Deputy City Solicitor, and *Martin Weinberg,* City Solicitor, for appellee.

OPINION BY JUDGE WILKINSON, November 30, 1973:

The issue in this case is whether the activities of the appellant constitute being "engaged in business" in the City of Philadelphia within the meaning of Section 19-1001 *et seq.,* of the Code of General Ordinances of the City of Philadelphia, which requires the payment of a mercantile license tax on the annual gross volume of business transacted. "Business" is defined in Section 19-1001(1) of the Code as: "The carrying on or exercising for gain or profit within the City any trade, business, profession, vocation, or making sales to persons within the City, or any manufacturing, commercial or financial activity, service or business, including but not limited to manufacturers, brokers, wholesale dealers or wholesale vendors, retail dealers or retail vendors."

Prior to 1957, appellant was engaged in the manufacturing business in Philadelphia and paid this tax. On September 30, 1957, appellant sold its inventory and certain other assets, receiving cash and shares in the purchasing company. As part of the entire agreement, appellant leased the plant and plant site to the purchaser for a ten-year period with an option to renew for five years and an option to purchase on specified date. All expenses of the property, including maintenance, taxes, and insurance, were to be paid by lessee, and lessor did not supply any services. The option to purchase was exercised in September of 1967.

Immediately following the original sale in 1957, appellant decided not to distribute the proceeds of the sale to the stockholders, but rather to hold and invest them and distribute the income from the investments and

from the rental to the shareholders. Prior to locating its office in Philadelphia, appellant asked for and received an opinion from the Department of Collections that under the circumstances, it would not be subject to the mercantile license tax.

Appellant secured the services of a nationally-known investment counselling firm to advise it on the investments of the proceeds of the sale and the rental received. Appellant also secured the services of a bank to execute orders to buy and sell securities, hold the securities, collect dividends and interest, hold funds so received in a custodial account, and from time to time transfer accumulated interest and dividends to appellant's account.

Shortly after the original sale, the appellant amended its corporate charter in April of 1958 to include specific authority ". . . to invest in, own, hold, use, develop, improve, manage, operate and control real and personal property of any nature whatsoever, as principal only and not as agent or broker. . . ."

After the second sale, i.e., the sale of the plant and plant site in 1967, the appellant changed its name from Heintz Manufacturing Company to Heintz Investment Company. The evidence is quite clear that appellant did not change its method of operation either as a result of the change in its charter or the change in its name. It is equally clear that all of its present activities would have been within its corporate authority prior to the amendments.

In August of 1968, appellant received a delinquent tax billing assessment for the years 1958-1968, for which returns had not been filed. Appellant presumably had relied on the ruling of the Department of Collections that its activities were not taxable. After hearing, the Tax Review Board denied appellant's petition for review. On appeal to the Court of Common Pleas,

the decision of the Tax Review Board was affirmed. This appeal followed. We must reverse.

All parties agreed on the facts. The narrowness of the issue of law is emphasized by the fact that both parties relied on the Supreme Court's decision in *Tax Review Board v. Brine Corporation,* 414 Pa. 488, 200 A. 2d 883 (1964). In that case, the appellant corporation acquired 11 properties, being seven parking lots, two closed parking garages, and two commercial buildings. It leased them all and rendered no services to the tenants. All its income came from rentals and some stock it owned. It initially paid the tax for four years and then filed for a refund. The city took the position that the corporation was engaged in business and that any activity that produced income for a corporation constituted engaging in business.

In *Brine,* the court specifically stated that the second position of the city was unsound, and that there were circumstances under which a corporation could receive income without being engaged in business. The Supreme Court expressly approved the holding of the Common Pleas Court in *A. H. Geuting Company v. City of Philadelphia,* 1 D. & C. 2d 341 (1954), where a corporation had rental and investment income but was not required to pay the tax. In our view, *Geuting* is on all fours with the instant case. There, the corporation sold its business and leased its building to the purchaser. Thereafter, it collected the rent without rendering services and received income from investments, i.e., governmental bonds. Appellee distinguishes *Geuting* on the ground that there were no investments. This simply was not the case, for Finding of Fact No. 17 in *Geuting* was "[p]laintiff's only other assets are United States Government Bonds."

Our Supreme Court, in *Brine,* set forth the following test of whether investment income results from engaging in business: how the property was acquired, the cir-

cumstances under which it is retained, how it is used, services performed by way of management, and the overall objectives of the owner control. 414 Pa. 488, 494, 200 A. 2d 883, 886.

The appellee relies on the able opinion of Judge, later Justice, BOK, in *Bankers Securities Corporation v. Philadelphia School District,* 16 D. & C. 2d 248 (1958), later affirmed on that opinion by both the Superior Court, 188 Pa. Superior Ct. 463, 149 A. 2d 545 (1959), and the Supreme Court, 397 Pa. 413, 155 A. 2d 835 (1959). In *Bankers Securities Corporation,* the issue was the applicability of the General Business Tax imposed for the benefit of the School District of Philadelphia. Substantially the same definitions apply to both taxes. However, in our view, this case is squarely in support of appellant's position. In *Bankers Securities Corporation,* a corporation clearly subject to the General Business Tax for gross income of $27,000,000, sought to exclude additional income of $3,080,209 which it received from securities. Judge BOK said it would be unrealistic to hold that the investments and the income therefrom constituted a separate activity, separate and apart from the admitted business activity. Indeed, he stated specifically that these investments enhanced the overall credit of the corporation. The necessary implication of that decision is that if the investments had been a separate activity, the gross income would not have been taxable as resulting from being engaged in business. In the instant case, investing is not only a separate activity, it is the only activity.

Aside from the case precedent which dictates our decision in favor of appellant, the broad general concepts of engaging in business clearly lead to the same result. Appellant does not have any customers, does not produce any product, and does not perform any services. Counsel for appellee candidly replied at oral argument that if an individual, using his own assets, had

an identical contract with an investment advisor and a banking institution, he would not be subject to the tax. Since the Supreme Court has expressly stated in *Brine* that merely being a corporation does not change what would otherwise not be engaging in business into a business activity, that would, on its face, conclude the matter.

In what might be considered an over-simplification, it seems appropriate to observe that if investing one's own funds and receiving the income therefrom constitutes engaging in business, then a retired judge could be considered to be engaging in practicing law when he prepared his own will and "gave" advice to himself.

The order of the court below, which dismissed the appellant's appeal and affirmed the decision of the Tax Review Board, is reversed.

--------

DISSENTING OPINION BY PRESIDENT JUDGE BOWMAN:

I dissent. In my opinion a corporation which has for its sole corporate purpose the production of income or gain from property owned by it is engaged in business within the meaning of the taxing ordinance in question. That it performs and accomplishes its sole purpose for existence through the services of investment counselors, brokers or other independent contractors neither diminishes nor enlarges its involvement. I distinguish *A. H. Geuting Company v. City of Philadelphia,* 1 Pa. D. & C. 2d 341 (1954), as did the Supreme Court in *Tax Review Board v. Brine Corporation,* 414 Pa. 488, 200 A. 2d 883 (1964), which said that the corporation there in question did nothing but conserve a piece of real estate retained by it after selling its business. Appellee here had a similar experience but then chose to change its corporate charter to an investment purpose and thereafter engaged in that restated purpose. Surely it was not then merely conserving property previously sold nor could it be appropriately

described as passive with respect to its corporate purpose. The overall objective of the corporation leads me to conclude that appellee is engaged in business. I would, therefore, affirm the lower court.

Judge CRUMLISH, JR. joins in this dissent.